## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

I.T.N. CONSOLIDATORS, INC.

     Plaintiff,

v.                              Case No.: 1:19-cv-20945

COSCO SHIPPING (USA) INC, COSCO
SHIPPING LINES (NORTH AMERICA)
INC, COSCO SHIPPING LINES CO, LTD.,

     Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, I.T.N. CONSOLIDATORS, INC. hereinafter referred to as ("ITN") by and through their undersigned attorneys and hereby files this its Complaint against Defendants, Cosco Shipping (USA) INC., Cosco Shipping Lines (North America) INC., and Cosco Shipping Lines Co., Ltd. (hereinafter collectively "COSCO"), and states as follows:

    1.     The instant action is a claim for damages in excess of $75,000 and is otherwise within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332 or 1333 as the case may arise under maritime jurisdiction due to the maritime characteristics of a substantial portion of the movement, the Carriage of Goods by Sea Act ("COGSA") 46 U.S.C. § 30701 et seq. may apply to some or all of the subject claim or defendants, and may apply as a matter of statute or contract; or the complete diversity between the parties.

    2.     Plaintiff ITN is a Florida corporation maintaining offices in the instant forum.

    3.     Defendant COSCO Shipping Lines (North America) Inc. was and is upon information and belief a Delaware corporation or business entity organized and existing under and by virtue of the laws of said State, with its principal address in Secaucus NJ  and is or are transportation intermediaries providing services ancillary to ocean transportation and may also

offer services as a common carrier or transportation providers for carriage of goods by sea for hire. Said Defendant is subject to personal jurisdiction in the instant forum by virtue of its having contracted with Plaintiff, a Florida resident; deriving substantial revenue from the instant forum, breaching a contract, statute, or duty and obligation resulting in economic damages in the instant forum; and by maintenance of a business agent (NRAI Services, Inc.) in the instant forum at 1200 South Pine Island Road, Plantation Florida.

4.      Defendant COSCO Shipping (USA) Inc. was and is upon information and belief a Delaware corporation or business entity organized and existing under and by virtue of the laws of said State, with its principal address in Secaucus NJ and is or are transportation intermediaries providing services ancillary to ocean transportation and may also offer services as a common carrier or transportation providers for carriage of goods by sea for hire.  Said Defendant is subject to personal jurisdiction in the instant forum by virtue of its having contracted with Plaintiff, a Florida resident; deriving substantial revenue from the instant forum, breaching a contract, statute, or duty and obligation resulting in economic damages in the instant forum; and by maintenance of a business agent (NRAI Services, Inc.) in the instant forum at 1200 South Pine Island Road, Plantation Florida.

5.      Defendant COSCO SHIPPING LINES CO., LTD. was and is upon information and belief a foreign corporation or business entity organized and existing under and by virtue of the laws of the Peoples Republic of China, with its principal address in Shanghai  and is or are transportation intermediaries providing services ancillary to ocean transportation including provision and operation of refrigerated containers, as well as services as a common carrier or transportation providers for carriage of goods by sea for hire.  Said Defendant is subject to personal jurisdiction in the instant forum by virtue of its having contracted with Plaintiff, a Florida resident; deriving substantial revenue from the instant forum, breaching a contract, statute, or duty and obligation resulting in economic damages in the instant forum; and by maintenance of business agents in the U.S. as a whole (who themselves maintain a business agent (NRAI Services, Inc.) in

2

the instant forum at 1200 South Pine Island Road, Plantation Florida. Defendant is alternatively subject to jurisdiction under 4(k)(2)).

6.      In or about April of 2018, each of the COSCO Defendants undertook to provide services for Plaintiff, including but not limited to the preparation and issuance of transport documents, including bills of lading, and specifically bill of lading COSU8018788450, as well as the provision of and operation of refrigerated containers; undertook to ensure the proper function of said refrigerated containers, as well as appropriate temperature settings commensurate to the product shipped; and further undertook transportation logistics services obligations including but not limited to the transportation of cargo entrusted to said Defendants for ocean transportation and ultimate delivery in Tokyo, Japan.

7.      Two 40-foot containers of goods CXRU1371779/CXRU1040256 consisting of 2237 cases of wine (temperature sensitive) were tendered in good order and condition to the Defendants.

8.      Defendants failed to exercise due care in the proper setting of the temperature controls proximately resulting in a total loss of the product.  Said failures constituted a breach of duty, statute, and contract.

9.      Defendants further failed to exercise due care in the maintenance of the refrigerated containers and also failed to exercise due care in the monitoring of those containers to ensure a proper temperature and failed to mitigate any loss; these failures constituted breaches of duty, statute, and contract proximately resulting in a total loss to the product.

10.     All conditions precedent to this cause have been met, waived, and/or excused.

11.     Defendants owned, operated and/or controlled the shipping equipment utilized in the transport of the cargo at issue.

12.     Defendants warranted that all equipment used for the transportation of the shipment would be in good working order and fit in every respect for their intended purpose in the subject logistics arrangements.

13.     Defendants had statutory and contractual and common law duties to safeguard the shipment and exercise due care in the performance of its obligations and breached these obligations.

## COUNT I
## BREACH OF CONTRACT

14.     Plaintiff repeats and realleges paragraphs 1-13 as if fully set forth herein.

15.     Defendants each undertook contractual obligations as set forth above for due consideration.

16.     Defendants breached their respective contractual obligations by failing to properly safeguard the cargo proximately resulting in the damages complained of herein.

**WHEREFORE**, Plaintiff, demands over and against Defendants together with costs, disbursements, or other assessments which might arise or go out of this action together with reasonable attorney's fees and such relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE

17.     Third-Party Plaintiff repeats and realleges paragraphs 1-13 as if fully set forth herein.

18.     Defendants each owed a duty of care as common carriers and logistics providers to the Plaintiff retaining them or for whom the services were being performed, to perform their undertakings in a workmanlike manner and to properly safeguard the cargo and exercise due care in the performance of their obligations and duties in the course of a logistics movement.

19.     Defendants breached their respective duties of care proximately resulting in the damages complained of herein.

**WHEREFORE**, Plaintiff, demands over and against Defendants together with costs, disbursements, or other assessments which might arise or go out of this action together with reasonable attorney's fees and such relief as the Court deems just and proper.

**COUNT III**
**INDEMNITY**

20.     Plaintiff repeats and realleges paragraphs 1-13 as if fully set forth herein.

21.     Defendants undertook certain obligations as set forth above for due consideration.

22.     Defendants breached their respective obligations as set forth above.

23.     The ultimate consignee has held Plaintiff accountable and responsible for the subject loss.  Any such liability of Plaintiff was passive or derivative only, and that such damage resulted from the breaches of contract, warranty, or standard of care (statutory or otherwise); and/or other wrongful acts on the part of the Defendants herein which entitle Plaintiff to indemnity and the recovery of reasonable attorneys' fees and costs. Whether the action is governed by the Carriage of Goods by Sea Act, or common law, Plaintiff is entitled to recovery via indemnity by virtue of common carrier obligations under the Carriage of Goods by Sea Act, or the special relationship between Plaintiff and Defendants.

24.     Plaintiff has incurred and will incur attorney's fees in this matter.

25.     All damages were proximately caused by the negligence, breach of contract, breach of warranty; or breach of statutory obligations on the part of Defendants, and due in no part to any actions or inactions of Plaintiff.

**WHEREFORE**, Plaintiff, demands over and against Defendants together with costs, disbursements, or other assessments which might arise or go out of this action together with reasonable attorney's fees and such relief as the Court deems just and proper.

**COUNT IV**
**COGSA**

26.     Plaintiff repeats and realleges Paragraphs 1-13 as if fully set forth herein each and every paragraph contained herein.

27.     Defendants each owed a duty of care as common carriers and logistics providers to the Plaintiff retaining them or for whom the services were being performed, to perform their undertakings in compliance with the obligations set forth in the Carriage of Goods by Sea Act.

5

28.     Defendants breached their respective duties under the Act proximately resulting in the damages complained of herein.

**WHEREFORE**, Plaintiff, demands over and against Defendants together with costs, disbursements, or other assessments which might arise or go out of this action together with reasonable attorney's fees and such relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues triable in this matter.

Dated: March 12, 2019                              Respectfully submitted,

                                                                    **SPECTOR RUBIN, PA**

                                            By:      */s/ Marc Rubin*_____
                                                                    Marc A. Rubin, Esq.
                                                                    Continental Plaza
                                                                    3250 Mary Street, Suite 405
                                                                    Miami, Florida 33133
                                                                    Tel: (305) 537-2000
                                                                    Facsimile: (305) 537-2001
                                                                    marc.rubin@spectorrubin.com
                                                                    *Attorneys for Plaintiff,*
                                                                    *I.T.N. Consolidators, Inc.*